UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABOA, LLC, | No. 2:22-cv-01381-KJM-DB |
| Plaintiff, | ORDER |
| v. | |
| Paul Thomas, et al., | |
| Defendants. | |

Plaintiff ABOA, LLC moves for leave to file pleadings without local counsel. At a hearing following the filing of the motion, the court revoked Henry Klein's pro hac vice status and granted Daniel Linhardt's request to withdraw as local counsel. *See* Mins. Hr'g, ECF No. 52. The court **explains** its reasons for revoking Mr. Klein's pro hac vice status here and **denies the motion as moot.**

I. **BACKGROUND**

Plaintiff, through Mr. Klein, filed a motion for leave to file pleadings without local counsel. Mot. Leave, ECF No. 15.[1] Defendants opposed, Opp'n Mot. Leave, ECF No. 16, and

---

[1] Although ABOA's motion did not comply with the Local Rule on civil motions requiring parties to notice motions on the assigned judge's motion calendar, E.D. Cal. L.R. 230, or this court's standing order requiring parties to certify meet and confer efforts have been exhausted, Standing Order at 3, ECF No. 4-1, the court considered the motion in the interest of judicial economy. Min. Order (Sept. 21, 2022), ECF No. 20.

1

plaintiff replied, Reply Mot. Leave, ECF No. 17.  At the time of the motion, the court had not received any request to withdraw from plaintiff's local counsel, Daniel Linhardt.  On November 1, 2022, the court ordered plaintiff to notify the court regarding the status of local counsel and to designate new local counsel if necessary.  Prior Order (Nov. 2, 2022), ECF No. 27.  The court warned Mr. Klein he could not maintain his pro hac vice admission in the absence of local counsel.  *Id*. at 1.  Mr. Klein responded to the court's order but did not clarify the status of local counsel.  Resp., ECF No. 31.  The next day, he filed two unauthorized supplemental responses, Supp. Resp. One, ECF No. 33; Supp. Resp. Two, ECF No. 34, each requesting "limited relief pursuant to 28 U.S.C. § 1651(a), the federal All-Writs Act," to proceed without local counsel because "[t]here is nothing for local counsel to do."  Supp. Resp. One at 1, 3; Supp. Resp. Two at 1, 3.

On November 16, 2022, Joseph Abrams, a licensed attorney in California, filed a notice of appearance on behalf of ABOA.  Not. of Appearance, ECF No. 41.  That notice complied with neither the Local Rule on substitution of attorneys, E.D. Cal. L.R. 182(g), nor the Local Rule on formal notice of association of counsel, E.D. Cal. L.R. 182(i).  The court informed Mr. Abrams in writing that he may be able to appear as an attorney of record if he appeared in person at the December 9, 2022 motions hearing and complied with Local Rule 182(a)(2)(iii).  Prior Order (Nov. 30, 2022), ECF No. 43.  The court ordered Mr. Klein and Mr. Linhardt to make an appearance before the court at the December 9 hearing.  *Id.*  In the same order, the court ordered Mr. Klein to show cause at the December 9 hearing why he should not be sanctioned.  *Id.*

Mr. Klein responded to the court's order to show cause prior to the hearing.  Resp. OSC, ECF No. 47.  On December 6, 2022, Mr. Abrams requested to withdraw as local counsel.  Req. Withdraw, ECF No. 51.  At the December 9 hearing, Mr. Linhardt made an oral motion to withdraw as local counsel and the court granted the motion.  Mins. Hr'g.  Mr. Abrams did not appear.  *Id.*  After considering Mr. Klein's conduct in this case and given the absence of local counsel or any plan to associate new local counsel, the court revoked Mr. Klein's pro hac vice status and ordered him to immediately notify his clients they have 14 days to identify new counsel.  *Id.*

## II. DISCUSSION

Under Local Rule 180(b)(2)(ii), pro hac vice admission requires local counsel. "Local rules are 'laws of the United States.'" *Marshall v. Gates*, 44 F.3d 722, 724 (9th Cir. 1995) (quoting *United States v. Hvass*, 355 U.S. 570, 575 (1958)). Because the court relieved Mr. Linhardt as local counsel and Mr. Abrams did not appear, *see* Mins. Hr'g, Mr. Klein cannot maintain his pro hac vice status.

In addition to the lack of local counsel, the court is greatly concerned by Mr. Klein's repeated noncompliance with the Local Rules and the court's standing order. *See In re Bundy*, 840 F.3d 1034, 1047 (9th Cir. 2016) ("When a district court admits an attorney pro hac vice, the attorney is expected to follow Local Rules."). Mr. Klein has filed numerous unauthorized and misleading filings. *See, e.g.*, Supp. to Reply, ECF No. 18; Supp. Resp. Two. Every single motion and request ABOA has filed through Mr. Klein has not complied with Local Rules or this court's standing order. *See generally* Mot. Leave; Ex Parte Appl., ECF No. 28; Mot. Vacate, ECF No. 36; Unified Resp. & Req. Declaratory J., ECF No. 44; Mot. in Limine, ECF No. 50. For example, ABOA has not provided certification that its counsel has exhausted meet and confer efforts with respect to any of its motions. *See* Standing Order at 3. If Mr. Klein had taken the time to familiarize himself with the Local Rules and standing order, including the requirement to engage in pre-filing meet and confer to "discuss thoroughly the substance of the contemplated motion," Standing Order at 3, many of his deficient filings may have been resolved without wasting the court's and the parties' time.

Moreover, Mr. Klein did not disclose his prior disciplinary history in his pro hac vice application. *See* PHV Appl., ECF No. 5 (representing he has "not been disbarred or formally censured by a court of record or by a state bar association"); *but see LA State Bar Ass'n v. Klein*, 511 So. 2d 1137 (La. 1987) (suspending Mr. Klein from the practice of law for 90 days); *LA State Bar Ass'n v. Klein*, 538 So. 2d 559 (La. 1989) (suspending Mr. Klein from the practice of law for six months). The court takes judicial notice of his prior cases. *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) ("[The court] may take judicial notice of court filings and other matters of public record."). Under California Rule of Professional

Conduct 3.3, lawyers have a duty of candor toward the court. *See* E.D. Cal. L.R. 180(e) (requiring attorneys to comply with the California Rules of Professional Conduct). In his response to the court's order to show cause, Mr. Klein admitted he "does not question that he should be sanctioned." Resp. OSC at 2. Given his demonstrated inability to adhere to the rules of practice before the court, the appropriate sanction is revocation of pro hac vice status.

### III.  CONCLUSION

In light of Mr. Klein's noncompliance with court orders, withholding of prior disciplinary history and the lack of local counsel, Mr. Klein's pro hac vice status is **revoked**.

The court **disregards** Mr. **Abram's notice of appearance** for noncompliance with Local Rule 182. Counsel did not appear in person at the December 9 hearing, did not obtain approval of court for substitution of attorneys and did not file a formal notice of association of counsel. Mr. Abrams' **request to withdraw (ECF No. 51) is denied as moot.** Plaintiff's **motion for leave to file pleadings without local counsel (ECF No. 15) is denied as moot.**

Because Mr. Klein's pro hac vice status is revoked, all further filings by Mr. Klein will be disregarded. Accordingly, the court disregards his unauthorized December 12 filing. *See* Response (Dec. 12, 2022), ECF No. 55.

This order resolves ECF No. 15 and 51.

IT IS SO ORDERED.

DATED:  December 12, 2022.

_____
CHIEF UNITED STATES DISTRICT JUDGE