UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABOA, LLC, | No. 2:22-cv-01381-KJM-DB |
| Plaintiff, | AMENDED ORDER |
| v. | |
| Paul Thomas, et al., | |
| Defendants. | |

Defendant/counterclaimant Paul Thomas brings an ex parte motion to correct the address listed in the court's prior order granting Thomas's motion for a writ of possession. Ex Parte Mot., ECF No. 60. The court **grants** the motion and amends the order as reflected below to direct the levying officer to visit the corrected address to effect the provisions of this order.

This case concerns a jet leased by plaintiff ABOA, LLC from defendant Paul Thomas. Defendants Kevin Strait and Anzen Legal Group move to dismiss and defendant/counterclaimant Paul Thomas moves for a writ of possession. The court held a hearing on these matters on December 9, 2022. Mins. Hr'g, ECF No. 52. Henry Klein appeared for plaintiff. *Id.* Karl Schweikert appeared for defendants. *Id.* Because plaintiff did not file a timely opposition to Mr. Strait and Anzen Legal Group's motion to dismiss and Mr. Thomas's motion for writ of possession, ABOA was not permitted to address the court regarding these two motions. *See* E.D.

Cal. L.R. 230(c) ("No party will be entitled to be heard in opposition to a motion at oral arguments if opposition to the motion has not been timely filed by that party.").[1]

For the reasons below, the court **grants** the motion to dismiss by Mr. Strait and Anzen Legal Group, construing it as a motion to strike, and **grants** Mr. Thomas's motion for writ of possession.

**I.  BACKGROUND**

Paul Thomas is the registered owner of a 1977 Gates Lear Jet 24E.  Mot. Writ Possession (Mot.) Ex. 1, ECF No. 14-1.  In May 2021, Mr. Thomas and ABOA, LLC[2] entered into an aircraft lease and related agreements (collectively aircraft lease agreements).  *See* Compl. ¶ 6, ECF No. 1; Mot. Exs. 2–4.  The agreements are governed by the law of Texas.  *See* Mot. Ex. 2 at 7; Mot. Ex. 3 at 4; Mot. Ex. 4 at 3.  Terms of the agreements require ABOA to make monthly installments for two years and a final balloon payment of the principal and unpaid interest at the end of the two years, at which point ownership of the aircraft would transfer to ABOA.  Mot. Ex. 4.  Defaults on rent payments are subject to a 30-day curative period.  Mot. Ex. 3 at 3.  During the two year period, ABOA is also required to maintain insurance and pay for professional services rendered by a third party, Artist-Aire, LLC.[3]  Mot. Ex. 3 at 1–3; Mot. Ex. 4 at 1.  Failure to do so is considered an immediate "default" under the agreements, and Mr. Thomas is not required to give any notice, demand or provide a curative period.  *See* Mot. Ex. 3 at 2–3 (describing failure to maintain insurance or pay for professional services as distinct "events of default").  In the event ABOA defaults and Mr. Thomas exercises his option to foreclose, ABOA is required to

---

[1] At hearing, Mr. Klein argued ABOA did not respond to the motions because local counsel Daniel Linhardt advised him not to file a response.  Given Mr. Klein's many other filings throughout the pendency of this case, this excuse strains credulity.  During the same hearing, the court relieved Mr. Linhardt as local counsel, at his request.

[2] Arizona Corporation Commission records indicate ABOA, LLC has become Affordable Builders of America, Inc.  *See* Req. Jud. Notice, Ex. A at 3 & Ex. B at 8, ECF No. 58.  The court takes judicial notice of this information, provided by defendants during hearing while noting no motion is pending requesting that the court make any decision based on any change in ABOA's corporate form or name.  *Louis v. McCormick & Schmick Restaurant Corp.*, 460 F. Supp. 2d 1153, 1155 n.4 (C.D. Cal. 2006) (court may take judicial notice of state agency records).

[3] ABOA entered into a separate management agreement with Artist-Aire.  Mot. Ex. 5

1  "immediately relinquish possession" of the aircraft and all related books and records.  Mot. Ex. 3
2  at 3.
3       On July 28, 2022, Mr. Thomas, through his counsel Kevin Strait and Anzen Legal Group,
4  sent ABOA a notice of default, listing failure to pay rents and finance charges, failure to pay for
5  professional services and failure to provide insurance coverage.  Mot. Ex. 9 at 1–3; Compl. Ex. B,
6  ECF No. 1-2.  The default notice states payments must be made by July 30, 2022, or "the Aircraft
7  Lease Agreement is terminated . . . and custody of the aircraft . . . immediately reverts to Paul
8  Thomas."  Mot. Ex. 9 at 4.  On August 3, 2022, Mr. Thomas, through Mr. Strait and Anzen Legal
9  Group, sent ABOA a notice of termination of the aircraft lease agreements, effective as of
10 July 30, 2022.  Answer & Countercl. Ex. 13, ECF No. 9.
11      On August 4, 2022, ABOA filed a complaint against Mr. Thomas alleging wrongful
12 declaration of defaults on the aircraft lease agreements.  Compl. ¶ 7.  ABOA then filed an
13 amended complaint adding Mr. Strait, Anzen Legal Group, Mark Jenkins, Stacy Smith and Bill
14 Harris as defendants, alleging these defendants devised a scheme to defraud ABOA and transport
15 the aircraft outside the United States in violation of 18 U.S.C. § 2314 and American Bar
16 Association (ABA) Formal Opinion 491.[4]  First Am. Compl. (FAC), ECF No. 6.  On
17 September 2, 2022, Mr. Thomas answered and brought a counterclaim against ABOA for its
18 failure to return possession of the aircraft after termination of the aircraft lease agreements.  *See*
19 *generally* Answer & Countercl.
20      Defendants Mr. Strait and Anzen Legal Group move to dismiss the complaint against
21 them.  Mot. Dismiss (MTD), ECF No. 10.  ABOA did not timely oppose but defendants replied.
22 Reply MTD, ECF No. 22.  Mr. Thomas moves for a writ of possession.  Mot., ECF No. 14.
23 ABOA did not timely oppose but Mr. Thomas replied.  Reply Mot. (Reply), ECF No. 21.

---

[4] ABOA, relying on a law review article, incorrectly states the ABA's opinion "carries the force of substantive law."  FAC ¶ 12 & n.2.  "Violation of a [model rule] should not itself give rise to a cause of action against a lawyer nor should it create any presumption in such a case that a legal duty has been breached."  Model R. Prof. Conduct: Preamble & Scope ¶ 20.

## II. MOTION TO DISMISS CONSTRUED AS MOTION TO STRIKE

Defendants Kevin Strait and Anzen Legal Group move to dismiss ABOA's first amended complaint with prejudice because ABOA has not complied with Local Rule 220. *See* MTD. The court construes defendants' motion as a motion to strike the first amended complaint. *Cf. Gizzie v. Las Vegas Metro. Police Dep't*, No. 18-952, 2020 WL 607119, at *2 (D. Nev. Feb. 7, 2020) (construing defendants' motion to dismiss as a motion to strike because plaintiff improperly filed a second amended complaint without leave of court). At hearing, defendants did not oppose the court's construing the motion as a motion to strike.

Local Rule 220 provides:

> Unless prior approval to the contrary is obtained from the Court, every pleading to which an amendment or supplement is permitted as a matter of right or has been allowed by court order shall be retyped and filed so that it is complete in itself without reference to the prior or superseded pleading. No pleading shall be deemed amended or supplemented until this Rule has been complied with.

E.D. Cal. L.R. 220.

ABOA's first amended complaint does not comply with Local Rule 220 because it is not complete in itself. *See generally* FAC. The amended complaint relies on facts alleged in the original complaint and does not discuss the court's jurisdiction over the claims or parties. *See id.* Rather, the amended complaint seeks to supplement the original complaint by naming new defendants and adding new legal claims. *Id.* Because the amended complaint does not comply with Local Rule 220, the court exercises its inherent authority to strike this improper filing. *See Spurlock v. F.B.I.*, 69 F.3d 1010, 1016 (9th Cir. 1995) ("A district court possesses inherent power over the administration of its business. It has inherent authority . . . to promulgate and enforce rules for the management of litigation."). The original complaint, Compl., remains the operative complaint.

Accordingly, the court **grants** Mr. Strait and Anzen Legal Group's motion, construed as a motion to strike.

**III.     MOTION FOR WRIT OF POSSESSION**

Mr. Thomas moves the court for an order granting a writ of possession directed to the jet. *See* Mot.  ABOA did not timely oppose this motion.  *See* Reply at 1.  For the reasons below, the court **grants the motion**.

**A.     Legal Standard**

"At the commencement of and throughout an action, every remedy is available that, under the law of the state where the court is located, provides for seizing a person or property to secure satisfaction of the potential judgment."  Fed. R. Civ. P. 64(a).  Although the aircraft lease agreements are governed by the laws of Texas, *see, e.g.*, Mot. Ex. 4 at 3, the choice-of-law provision does not displace Federal Rule of Civil Procedure 64, *see Edgen Murray Corp. v. Vortex Marine Constr., Inc.*, 2018 WL 6786264, at *2 (N.D. Cal. Dec. 18, 2018) (collecting cases); *see also Dealer Comput. Servs., Inc. v. Monarch Ford*, No. 12-01970, 2013 WL 314337, at *3 (E.D. Cal. Jan. 25, 2013) ("When a writ of attachment is sought in California, California law governs whether the writ may issue, even if the parties have agreed that the law of another jurisdiction shall govern interpretation of their agreement.").  Thus, California law applies here. California law provides for provisional return of property via writ of possession.  Cal. Civ. Proc. Code § 512.010(a).  In an application for a writ of possession, a plaintiff must show: 1) "the basis of the plaintiff's claim and that the plaintiff is entitled to possession of the property claimed"; 2) "the property is wrongfully detained by the defendant"; 3) "[a] particular description of the property and a statement of its value"; 4) "the location of the property"; and 5) "the property has not been taken for a tax, assessment, or fine . . . or seized . . . ."  *Id.* § 512.010(b).  A writ of possession shall issue if "(1) [t]he plaintiff has established the probable validity of the plaintiff's claim to possession of the property [and] (2) [t]he undertaking requirements of Section 515.010 are satisfied."  *Id.* § 512.060.

/////

B.  **Analysis**

   1.  **Requirements Under California Code of Civil Procedure Section 512.010**

Mr. Thomas has complied with the requirements of section 512.010(b).

First, Mr. Thomas shows the basis of his claim and right to possession.  The parties' aircraft lease agreements require ABOA to relinquish possession of the aircraft if ABOA defaults under the agreements and Mr. Thomas exercises his option to foreclose.  Mot. Ex. 3 at 3.  On July 28, 2022, Mr. Thomas sent ABOA a notice of default, which listed incidents of failing to pay rents and other charges, failing to pay for professional services and failing to provide insurance coverage.  Mot. Ex. 9 at 1–3.  On August 3, 2022, Mr. Thomas sent ABOA a notice of termination of the aircraft lease agreements.  Answer & Countercl. Ex. 13.  His actions complied with the parties' agreement.

ABOA's complaint alleges Mr. Thomas "threatened to take possession of the aircraft *without* waiting for the 30-day curative period to take place."  Compl. ¶ 7 (emphasis in original).  However, the aircraft lease agreements allow Mr. Thomas to reclaim the aircraft without notice, demand or curative period in the event ABOA defaults by failing to maintain insurance or failing to pay for Artist-Aire's professional services.  Mot. Ex. 3 at 2–3.  While Mr. Thomas does not provide additional evidence of ABOA's failure to maintain insurance apart from the default notice,[5] Mr. Thomas does provide evidence of ABOA's failure to pay for the required professional services.  Prior to sending the default notice, Mr. Thomas avers he paid for services rendered for ABOA by Artist-Aire's contract pilot to avoid potential liens against the aircraft.  Thomas Decl. ¶ 6; *see* Mot. Ex. 7.  ABOA also owed Artist-Aire over $50,000 of unpaid service fees, which resulted in a lien against the aircraft.  *See* Mot. Ex. 6; Mot. Ex. 8; Thomas Decl. ¶¶ 7–8.  The non-payment of services allowed Mr. Thomas to immediately foreclose and retake possession of the aircraft.  *See* Mot. Ex. 2 at 6; Mot. Ex. 3 at 3.  Thus, Mr. Thomas has made a sufficient showing he is entitled to a writ of possession.

---

[5] Mr. Thomas cites "Dec. of Thomas ¶ X," Mot. at 7, however, there is no mention of insurance in the declaration, *see* Declaration of Paul Thomas (Thomas Decl.), ECF No. 14-2.

Second, Mr. Thomas has sufficiently shown the property is wrongfully detained by ABOA. Despite termination of the lease, *see* Answer & Countercl. Ex. 13, ABOA has not returned the aircraft. *See generally id*; Mot.

Third, Mr. Thomas has provided a particularized description of the aircraft, Mot. Ex. 1, and a statement of its value, Mot. Ex. 4 at 1; Declaration of Karl Schweikert (Schweikert Decl.) ¶ 5, ECF No. 14-3:

> The aircraft in question is a 1977 Gates Lear Jet 24E, serial number 347, with FAA Registration Number N508SR, with two GE CJ-610-SER engines attached [and] at the time of signing of the Lease Documents, the aircraft was valued at $350,000.00 . . . . Currently, Controller.com, a marketplace for the buying and selling of used aircraft, has a 1977 Lear Jet 24E for sale at $350,000 (N24LJ) located in North Carolina (KIPJ).

Mot. at 8 (citing Mot. Exs. 1, 4; Schweikert Decl. ¶ 5).[6]

Fourth, Mr. Thomas represents he believes the aircraft is located at Eagle's Nest Airport (CA20), on the property of Nick Beck. Mot. at 8; Thomas Decl. ¶¶ 11–12; Mot. Exs. 10–11. Mr. Thomas's belief is based on an email from Mr. Klein requesting to move the aircraft to Nick Beck's residence, Mot. Ex. 10, subsequent information that Nick Beck removed the aircraft, Thomas Decl. ¶ 11, and a photograph of the aircraft parked in front of what Mr. Thomas believes is Nick Beck's house, Thomas Decl. ¶ 12; Mot. Ex. 11. At hearing, Mr. Klein provided a street address for the location of 880 Eagles Ranch Road in Ione. An internet search identifies the street address of 17069 Lambert Road in Ione associated with the Eagle's Nest Airport. *See Eagles Nest Airport*, Airport Guide, https://airportguide.com/airport/info/CA20 (last visited Dec. 14, 2022). Mr. Thomas's counsel, Mr. Schweikert, visited 880 Eagles Ranch Road to see whether the aircraft was located at that address. Ex Parte Mot. at 2. While the aircraft could not be found at that location, Mr. Schweikert declares now under penalty of perjury that the aircraft is currently located at 888 Eagles Ranch Road in Ione. *Id.* Mr. Thomas has shown probable cause to believe the aircraft is on Nick Beck's property, as required under section 512.060(b). *See* Cal. Civ. Proc. Code § 512.060(b) ("No writ directing the levying officer to enter a private place to take

---

[6] Defendants confirmed the jet's estimated value at the hearing.

7

possession of any property shall be issued unless the plaintiff has established that there is probable cause to believe that the property is located there.").

Fifth, Mr. Thomas declares under penalty of perjury the aircraft has not been taken for a tax, assessment or fine pursuant to a statute, or seized under an execution against him. Thomas Decl. ¶ 15.

Accordingly, the court finds all the requirements of section 512.010 have been satisfied.

### 2.   Requirements Under California Code of Civil Procedure Section 512.060

Mr. Thomas also has complied with the requirements of section 512.060. As noted above, Mr. Thomas established the probable validity of his claim to possession of the aircraft.

The court finds an undertaking by Mr. Thomas is unnecessary.

> If the court finds that the defendant has no interest in the property, the court shall waive the requirement of the plaintiff's undertaking and shall include in the order for issuance of the writ the amount of the defendant's undertaking sufficient to satisfy the requirements of subdivision (b) of Section 515.020.

Cal. Civ. Proc. Code § 515.010(b). Under the aircraft lease agreements, in the event ABOA defaults in its payment for professional services rendered by Artist-Aire, Mr. Thomas is entitled to immediately regain possession of the aircraft and ABOA forfeits all rights in the aircraft. *See* Mot. Ex. 2 at 5–6; Mot. Ex. 3 at 2–3. The aircraft lease documents do not provide for the return of payments paid, *see* Mot. Exs. 2–4; rather, Mr. Thomas's remedy for ABOA's defaults includes immediate payment of "the entire amount of Rent through the Term of th[e] Lease," Mot. Ex. 2 at 5. Because Mr. Thomas has shown ABOA does not have any remaining interest in the aircraft, the court waives the undertaking requirement. *See, e.g.*, *4Wall Las Vegas, Inc. v. Triebwasser*, No. 12-2746, 2013 WL 930620, at *7 (E.D. Cal. Mar. 8, 2013) (waiving the undertaking requirement because defendants did not obtain an interest in the property when they defaulted on the parties' agreement and did not pay off the full value of the property in question).

Mr. Thomas has satisfied the requirements under section 512.060. ABOA has not timely opposed and has not produced "evidence sufficient to defeat [ABOA's] right to issuance of the

writ." Cal. Civ. Proc. Code § 512.040(c); *contra* Compl. ¶ 7.  Accordingly, Mr. Thomas's motion for writ of possession is **granted.**  For the purposes of the writ, the court finds the aircraft's value to be approximately $350,000.  *See* Mot. Ex. 4 at 1; Schweikert Decl. ¶ 5.  ABOA may prevent Mr. Thomas from reclaiming the aircraft by filing an undertaking in accordance with California Civil Procedure Code section 515.020 in the amount of $350,000, prior to execution of the writ granted by this order.  *See* Cal. Civ. Proc. Code § 515.020(a).

## IV. CONCLUSION

For the reasons above:

1. Defendants Kevin Strait and Anzen Legal Group's **motion to dismiss (ECF No. 10), which the court construes as a motion to strike, is granted.**
2. The Clerk of the Court is directed to strike the filing in ECF No. 6.
3. Defendant/counterclaimant Mr. Thomas' **motion for writ of possession (ECF No. 14) is granted.**
4. Defendant/counterclaimant Mr. Thomas' **ex parte motion (ECF No. 60) is granted.**
5. The Clerk of the Court shall issue a writ of possession directing the Sheriff of Ione, California, the levying officer, to seize and immediately turn over to Mr. Thomas or Mr. Thomas's authorized representatives the 1977 Gates Lear Jet 24E, serial number 347. Cal. Civ. Proc. Code §§ 512.080, 514.010, 514.030.  The levying officer shall additionally seize any and all books and records related to, reflecting or associated with the Gates Lear Jet.
    a. The levying officer may enter 888 Eagles Ranch Road, Ione, CA 95640, to effect the provisions of this order.  If the aircraft cannot be found at the foregoing address, Mr. Thomas may file an ex parte request with this court to direct the levying officer to seize the property at a private place not specified in the writ. Cal. Civ. Proc. Code § 512.090(a).
    b. ABOA or its successor entity shall turn over the aircraft to the levying officer, Mr. Thomas or Mr. Thomas's authorized representative.  Failure to turn over

        possession of the aircraft may subject ABOA or its successor entity to being held in contempt of court.  Cal. Civ. Proc. Code § 512.070.

    **c.**  ABOA or its successor entity may prevent levy of the writ of possession if it files an undertaking in accordance with California Civil Procedure Code section 515.020 in the amount of $350,000, before execution of the writ.

This order resolves ECF Nos. 10, 14 and 60.

IT IS SO ORDERED.

DATED: December 16, 2022.

_____
CHIEF UNITED STATES DISTRICT JUDGE