UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Affordable Builders of America, Inc., | No. 2:22-cv-01381-KJM-DB |
| Plaintiff, | ORDER |
| v. | |
| Paul Thomas, et al., | |
| Defendants. | |

Defendants Paul Thomas, Anzen Legal Group and Kevin Strait move for involuntary dismissal of plaintiff ABOA, LLC's complaint under Federal Rule of Civil Procedure 41(b), for noncompliance with the court's orders. Defendants also request this court retain jurisdiction for twelve months after dismissing the case. The court held a hearing on these matters on January 27, 2023. Mins. Hr'g, ECF No. 68. Galen Gentry made a special appearance[1] on behalf of Affordable Builders of America, Inc., the successor entity of ABOA, LLC.[2] *Id.* Karl Schweikert appeared for defendants. *Id.* **For the reasons below, the court grants the motion in part.**

---

[1] At hearing, Mr. Gentry represented he was considering whether, but had not yet agreed, to represent Affordable Builders of America, Inc. On February 13, 2023, Mr. Gentry filed a notice of appearance on behalf of ABOA, LLC. *See* ECF No. 740.

[2] In its prior order, the court took judicial notice of "Arizona Corporation Commission records indicat[ing] ABOA, LLC has become Affordable Builders of America, Inc." Prior Order (Dec. 16, 2022) at 2 n.2, ECF No. 61. The court has now approved a correction to the caption of the case to reflect as much. ECF No. 75.

1

# I. BACKGROUND

The court reviewed the factual and procedural background of this case in its prior order. *See* Prior Order (Dec. 16, 2022). In brief, this case involves a private aircraft and a notice of default on an aircraft lease agreement. *See generally* Compl., ECF No. 1. During a prior motions hearing on defendants' motion to dismiss and motion for a writ of possession, the court granted ABOA's local counsel's request to withdraw and revoked the pro hac vice status of ABOA's counsel at the time, Henry Klein. Mins. Prior Hr'g, ECF No. 52; *see also* Prior Order (Dec. 12, 2022), ECF No. 56. The court had previously warned ABOA and its counsel that an attorney appearing pro hac vice in this district cannot maintain pro hac vice status without local counsel. *See* Prior Order (Nov. 1, 2022), ECF No. 27 (directing ABOA to notify court regarding status of its local counsel or to designate new local counsel); Prior Order (Nov. 29, 2022), ECF No. 43 (ordering ABOA's counsel to show cause why he should not be sanctioned for not complying with court's order regarding status of local counsel); Prior Order (Dec. 12, 2022), ECF No. 56 (denying ABOA's motion for leave to file pleadings without local counsel and reiterating pro hac vice admission requires local counsel).

The court gave ABOA and its counsel multiple opportunities and sufficient time to identify new local counsel. However, no new local counsel appeared. *See* Prior Order (Dec. 12, 2022).[3] Additionally, the court discovered Mr. Klein had withheld his prior disciplinary history and repeatedly failed to comply with the Local Rules and the court's standing order. *Id.* at 3–4. The court ultimately revoked Mr. Klein's pro hac vice status. *Id.* at 4. The court ordered Mr. Klein to immediately notify his clients and gave ABOA fourteen days to identify new counsel. Mins. Hr'g. ABOA did not identify new counsel within this time.

Defendants now seek involuntary dismissal of ABOA's complaint. Mot., ECF No. 63. Defendants also request this court "retain jurisdiction for twelve months" because they expect to file several motions, including motions for damages and attorneys' fees under the aircraft lease

---

[3] While Joseph Abrams filed a notice of appearance on behalf of ABOA, the notice did not comply with Local Rules, *see* Prior Order (Dec. 12, 2022), and Mr. Abrams subsequently requested to withdraw, ECF No. 51.

and "a motion to enforce California's Uniform Voidable Transactions Act or to pierce the corporate veil" if necessary. Mot. at 3, 8. Plaintiffs did not file an opposition, but defendants filed a reply. Reply, ECF No. 64. Defendant and counterclaimant Thomas has now renewed its motion for default judgment in front of the magistrate judge. Renewed Mot. Default J., ECF No. 69. After filing his notice of appearance, ECF No. 74, Mr. Gentry has filed a counter-motion to set aside Thomas's default judgment motion, Counter Mot., ECF No. 77.

## II.     MOTION FOR INVOLUNTARY DISMISSAL

As a preliminary matter, Anzen Legal Group and Kevin Strait are no longer defendants in this case.[4] The court struck ABOA's first amended complaint, which named these two defendants for the first time. *See* Prior Order (Dec. 16, 2022) at 4. Thus, the operative complaint is the initial complaint. *See* ECF No. 1.

### A.     Legal Standard

Federal Rule of Civil Procedure 41(b) permits courts to involuntarily dismiss an action when a litigant fails to prosecute an action or comply with a court order. *See* Fed. R. Civ. P. 41(b). "Courts may dismiss under Rule 41(b) sua sponte . . . ." *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005). Local Rule 110 similarly permits the court to impose sanctions on a party who fails to comply with a court order. E.D. Cal. L.R. 110. Further, the procedural rules governing this court are to be "construed, administered, and employed by the court . . . to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.

Involuntary dismissal is a harsh penalty, but it "is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002). Before dismissing an action under Rule 41, the court must consider: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring

---

[4] At hearing, Mr. Schweikert stated Anzen Legal Group and Kevin Strait joined in this action out of an "abundance of caution" because they are still listed as defendants on the docket. The court has corrected the docket to terminate Anzen Legal Group and Kevin Strait as defendants.

disposition of cases on their merits; and (5) the availability of less drastic alternatives." *Applied Underwriters v. Lichtenegger*, 913 F.3d 889, 890 (9th Cir. 2019) (quoting *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)).

### B. Analysis

Despite the court's order directing ABOA to identify new counsel within fourteen days, no counsel appeared on behalf of ABOA until two months after the court's order issued. As a corporate entity, ABOA may not appear in this district without an attorney. *See* E.D. Cal. L.R. 183(a) ("A corporation or other entity may appear only by an attorney."). ABOA's lack of counsel made it impossible for it to prosecute this action after its prior counsel's loss of pro hac vice status in December 2021, until Mr. Gentry's formal appearance on February 13, 2023.

Against this backdrop, the court considers the factors identified above to determine whether it may dismiss the complaint under Rule 41(b). First, the public interest in expeditious resolution of litigation weighs in favor of dismissal. The delays occasioned by prior counsel, and the drawn-out process of obtaining local counsel and new counsel, has unnecessarily delayed plaintiff's case.

Second, the court's need to manage its docket weighs in favor of dismissal. ABOA's prior counsel complicated the docket with numerous filings, including unauthorized filings, that do not comply with local rules or this court's standing order. *See, e.g.*, Prior Order (Nov. 29, 2022) at 2 ("Mr. Klein's many unauthorized, confusing, and misleading filings have complicated this case unnecessarily, and wasted the court's and the parties' time.").

Third, the risk of prejudice to defendants weighs in factor of dismissal. "A defendant suffers prejudice if the plaintiff's actions . . . interfere with the rightful decision of the case." *Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1412 (9th Cir. 1990). A rebuttable presumption of prejudice arises from unreasonable delay. *In re Eisen*, 31 F.3d 1447, 1453 (9th Cir. 1994). Here, "plaintiff[] ha[s] yet to present an excuse for [its] delay that is anything but frivolous." *Hernandez v. City of El Monte*, 138 F.3d 393, 401 (9th Cir. 1998) (internal marks and citation omitted). ABOA did not: (1) comply with the court's order to identify new counsel within fourteen days, (2) request an extension of time to obtain new counsel or (3) explain why it was

1 unable to obtain new counsel within the time set by the court.  Since his appearance, Mr. Gentry
2 has not sought an opportunity to address this litigation history.  Accordingly, plaintiff has not
3 rebutted the presumption of prejudice against defendants.

4       Fourth, while public policy favoring disposition on the merits does not favor dismissal, "it
5 is the responsibility of the moving party to move towards that disposition at a reasonable pace,
6 and to refrain from dilatory and evasive tactics." *Morris v. Morgan Stanley & Co.*, 942 F.2d 648,
7 652 (9th Cir. 1991).  Here, defendants argue ABOA's actions in not complying with court orders
8 "demonstrate a refusal to move this case forward and, by delaying the case management
9 conference, a refusal to participate in discovery." Opp'n at 7.  Based on prior counsel's actions,
10 the court agrees.

11       Fifth, while the availability of less drastic sanctions ordinarily weighs against dismissal,
12 the court previously gave plaintiff numerous opportunities to both identify local counsel and
13 obtain new counsel.  However, as discussed above, ABOA delayed in identifying new counsel,
14 did not request an extension of time to obtain new counsel, and provided no explanation why it
15 was unable to obtain new counsel as ordered by the court.  Although ABOA now has counsel,
16 that counsel has not sought reconsideration with regard to any prior orders related to ABOA's
17 complaint.  Thus, this factor also weighs in favor of dismissal.

18       Accordingly, the court finds the factors weigh in favor of dismissal and **dismisses**
19 **plaintiff's complaint with prejudice**.  This dismissal leaves Thomas's counterclaims as the
20 operative pleading in this action.  Answer & Countercl. at 9–19, ECF No. 9.

21 **III.   RETAINING JURISDICTION**

22       Defendants request this court retain jurisdiction to consider motions for damages and
23 attorney's fees in connection with the complaint, including motions that may become necessary in
24 the future.  Mot. at 9; Reply at 2.  But as noted, Thomas's counterclaims remain operative and he
25 seeks, among other forms of relief, damages and attorney's fees under the aircraft lease.  *See*
26 Answer & Countercl. at 18–19.  The Clerk of Court has entered ABOA's default for "fail[ing] to
27 appear, plead or answer" the counterclaims.  Entry of Default, ECF No. 24.  Thomas previously
28 moved for default judgment, Mot. Default J., ECF No. 30, which the magistrate judge denied

1  without prejudice due to "the unresolved state of plaintiff's representation." Magistrate Judge's
2  Order at 1, ECF No. 54.
3      Thomas has now renewed his motion for default judgment, Renewed Mot. Default J., and
4  ABOA through Mr. Gentry has responded, Counter Mot.
5      To the extent Thomas requests the court retain jurisdiction over matters asserted in the
6  counterclaims, the request is **denied as moot**. To the extent Thomas requests the court retain
7  jurisdiction over any matter outside the scope of the counterclaims, defendants cite no legal
8  authority supporting their request. Accordingly, the court **declines** to retain jurisdiction in this
9  respect.

10  **IV.   CONCLUSION**

11      Defendants' motion to dismiss is **granted** and plaintiff's complaint is **dismissed with**
12  **prejudice** for failure to comply with court orders under Federal Rule of Civil Procedure 41(b).
13  Defendants' request for the court to retain jurisdiction based on the complaint is **denied**. This
14  matter proceeds now only on Mr. Thomas's counterclaims.
15      This order resolves ECF No. 63.
16      IT IS SO ORDERED.
17  DATED: March 7, 2023.
18

CHIEF UNITED STATES DISTRICT JUDGE