UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Affordable Builders of America, Inc., | No. 2:22-CV-01381-KJM-DB |
| Plaintiff, | ORDER |
| v. | |
| Paul Thomas, et al., | |
| Defendants. | |

Defendant Paul Thomas seeks attorney's fees and costs after prevailing on a motion to dismiss. For the reasons below, the court **grants the motion for costs** and **denies the motion for attorney's fees without prejudice**.

I.     **BACKGROUND**

On March 7, 2023, the court dismissed plaintiff's complaint with prejudice for failure to comply with court orders. *See* Prior Order at 6, ECF No. 80.[1] Defendant timely moved for attorney's fees and costs. Mot., ECF No. 85; *see also* Mot. P. & A. (P. & A.), ECF No. 85-1. Plaintiff opposes, Opp'n, ECF No. 87, and defendant has replied, Reply, ECF No. 89. The court submitted the matter without oral arguments. Min. Order, ECF No. 88.

---

[1] When citing page numbers on filings, the court uses the pagination automatically generated by the CM/ECF system unless otherwise noted.

Defendant also brought counterclaims against plaintiff. Answer & Countercl., ECF No. 9. Defendant's motion for default judgment on his counterclaims, ECF No. 69, and plaintiff's countermotion to set aside the clerk's entry of default, ECF No. 77, are both pending before the assigned magistrate judge.

## II. COSTS

Federal Rule of Civil Procedure 54 authorizes courts to award costs to the prevailing party in federal actions. Fed. R. Civ. P. 54(d)(1) ("Unless a federal statute, these rules, or a court order provides otherwise, costs--other than attorney's fees--should be allowed to the prevailing party."). Plaintiff argues defendant's motion for attorney's fees and costs is premature because defendant's counterclaims remain pending. Opp'n at 2. This argument is unpersuasive, as explained below.

An involuntary dismissal under Rule 41(b) "operates as an adjudication on the merits," unless the court orders otherwise. Fed. R. Civ. P. 41(b). Here, the court dismissed plaintiff's complaint under Rule 41(b) with prejudice. Prior Order at 6. This was a final judgment on the merits in favor of defendant. *See San Diego Police Officers' Ass'n v. San Diego City Emps.' Ret. Sys.*, 568 F.3d 725, 741 (9th Cir. 2009) ("[A] party in whose favor judgment is rendered is generally the prevailing party for purposes of awarding costs under Rule 54(d).") (quoting *d'Hedouville v. Pioneer Hotel Co.*, 552 F.2d 886, 896 (9th Cir. 1977))). Rule 54(d)(1) "creates a presumption in favor of awarding costs to a prevailing party." *Ass'n of Mexican-Am. Educators v. State of California*, 231 F.3d 572, 591 (9th Cir. 2000). Because the court issued a final judgment on the merits of plaintiff's complaint, the motion for attorney's fees and costs is not premature.

Defendant seeks costs in the amount of $288.70 for expenses incurred in this case. Mot. at 2; *see* Schweikert Decl. ¶ 74, ECF No. 85-2. Plaintiff does not address whether defendant should be awarded these specific costs. *See generally* Opp'n. The court finds no reason to deny the award of costs to defendant. *See Ass'n of Mexican-Am. Educators*, 231 F.3d at 593 ("Federal Rule of Civil Procedure 54(d)(1) establishes that costs are to be awarded as a matter of course in the ordinary case."). Thus, defendant's motion for costs is **granted.**

### III. ATTORNEY'S FEES

Unlike costs, the prevailing party is not ordinarily entitled to reasonable attorney's fees unless a statute or enforceable contract provides otherwise. *Travelers Cas. & Sur. Co. of Am. v. Pac. Gas & Elec. Co.*, 549 U.S. 443, 448 (2007). Defendant argues he is entitled to attorney's fees under Texas law and the terms of the aircraft lease agreement and related contracts. *See generally* P. & A. For the reasons below, the court finds he is not.

#### A. Texas Law Applies

As a federal court sitting in diversity, *see* Compl. ¶ 1, ECF No. 1, this court must apply the substantive law of the state in which the court is located, *see First Intercont'l Bank v. Ahn*, 798 F.3d 1149, 1153 (9th Cir. 2015). Thus, state law governs the determination whether attorney's fees should be awarded. *Muniz v. United Parcel Serv., Inc.*, 738 F.3d 214, 218 (9th Cir. 2013).

The parties' contracts include a choice of law provision specifying Texas law governs disputes arising from the contracts. *See* Aircraft Lease Agreement ¶ 21, Def.'s Ex. 2, ECF No. 14-1 ("This Lease shall be construed and performance shall be governed by the Laws of the State of Texas."); Promissory Installment Note at 4, Def.'s Ex. 3; Aircraft Contract for Title ¶ 11, Def.'s Ex. 4. Because this court sits in California, it applies California choice of law rules. *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941). In California, "a freely and voluntarily agreed-upon choice of law provision in a contract is enforceable 'if the chosen state has a substantial relationship to the parties or the transaction or any other reasonable basis exists for the parties' choice of law.'" *1-800-Got Junk? LLC v. Super. Ct.*, 189 Cal. App. 4th 500, 513–15 (2010) (citation and emphasis omitted). However, a choice of law provision will not be enforced if the opposing party "establish[es] both that the chosen law is contrary to a fundamental policy of California *and* that California has a materially greater interest in the determination of the particular issue." *Id.* at 515 (quoting *Wash. Mut. Bank, FA v. Super. Ct.*, 24 Cal. 4th 906, 917 (2001)) (emphasis in original).

Here, the court finds there is a substantial relationship between Texas and the parties' transaction. The aircraft's home base and the location for the delivery upon commencement and

return upon termination of the agreement is in Texas. *See* Aircraft Lease Agreement ¶¶ 6–7;[2] *see also* Cal. Civ. Code § 1646 ("A contract is to be interpreted according to the law and usage of the place where it is to be performed; or, if it does not indicate a place of performance, according to the law and usage of the place where it is made."). Both parties also agree Texas law governs whether defendant is entitled to reasonable attorney's fees. *See* P. & A. at 8; Opp'n at 4. Neither party claims that Texas law contravenes a fundamental policy of California or that California has a greater interest in the determination of this matter. Accordingly, the court applies Texas law to determine whether defendant is entitled to his attorney's fees.

### B.   The Texas Uniform Declaratory Judgment Act is Inapplicable

Defendant argues for the first time in his reply that he can be awarded attorney's fees under the Texas Uniform Declaratory Judgment Act. Reply at 3. In general, parties "cannot raise a new issue for the first time in their reply briefs." *Eberle v. City of Anaheim*, 901 F.2d 814, 818 (9th Cir. 1990) (internal marks and citation omitted). However, even if the court were to consider defendant's argument, he would not be entitled to attorney's fees under the Texas Act.

The attorney's fee provision of the Act states: "In any proceeding under this chapter, the court may award costs and reasonable and necessary attorney's fees as are equitable and just." Tex. Civ. Prac. & Rem. Code § 37.009. Plaintiff's complaint was not brought under the Act. *See generally* Compl. Moreover, "the Texas Declaratory Judgment Act functions as a procedural mechanism and does not provide the necessary substantive legal basis for awarding attorneys' fees in a federal diversity action." *Century Prod. Co. v. Cosco, Inc.*, 00-0800, 2003 WL 251957, at *7 (N.D. Tex. Jan. 31, 2003), *on reconsideration in part*, 00-0800, 2003 WL 21468525 (N.D. Tex. June 19, 2003) (citing *Utica Lloyd's of Texas v. Mitchell*, 138 F.3d 208, 210 (5th Cir.

---

[2] The agreement states in part:

> The Aircraft will be delivered to Lessee at Addison Airport, Addison, Texas on the Commencement Date, and shall be returned to Lessor upon termination of the Lease at Addison, Texas. . . . Lessor and Lessee agree that the Aircraft shall be based at Addison Airport, Addison, Texas (the "Base") during the Term of this Lease.

Aircraft Lease Agreement ¶¶ 6–7.

4

1998)). Thus, defendant cannot rely on the Act in seeking attorney's fees in this diversity action. *See Utica Lloyd's of Tex.*, 138 F.3d at 210.

### C.     Section 38.001 is Inapplicable

Under Texas statutory law, "[a] person may recover reasonable attorney's fees . . . if the claim is for . . . an oral or written contract." Tex. Civ. Prac. & Rem. Code § 38.001. "[T]o recover attorney's fees under section 38.001, a party must (1) prevail on a cause of action for which attorney's fees are recoverable, and (2) recover damages." *Rohrmoos Venture v. UTSW DVA Healthcare, LLP*, 578 S.W.3d 469, 484 (Tex. 2019) (quoting *Green Int'l, Inc. v. Solis*, 951 S.W.2d 384, 390 (Tex. 1997)). As plaintiff argues, *see* Opp'n at 4, defendant is not entitled to attorney's fees because he has not recovered damages, *see Probus Props. v. Kirby*, 200 S.W.3d 258, 265 (Tex. App. 2006) ("Under [section 38.001], attorneys' fees may not be recovered for successfully defending a contract claim."). Defendant appears to concede this in his reply. *See* Reply at 2 ("Mr. Thomas will need to be awarded at least $1 of damages to be entitled to attorney fees under Texas law."). Therefore, section 38.001 is inapplicable, and defendant is not entitled to attorney's fees under this statute.

### D.     The Contracts Permit Attorney's Fees for Enforcement Actions

Although defendant is not entitled to attorney's fees under section 38.001, "[p]arties are free to contract for a fee-recovery standard either looser or stricter than [the statute]." *Rohrmoos Venture*, 578 S.W.3d at 484–85 (quoting *Intercont'l Grp. P'ship v. KB Home Lone Star L.P.*, 295 S.W.3d 650, 653 (Tex. 2009)). Here, the remedies section in the Aircraft Lease Agreement states: "If Lessor incurs any expenses, including attorneys' fees, in the enforcement of any of its rights under this Lease or if Lessor brings any action, proceeding or suit, then Lessor may recover from Lessee such reasonable expenses so incurred." Aircraft Lease Agreement ¶ 13; *see also* Promissory Installment Note at 3 ("[I]f suit is brought for collection or enforcement, or if it is collected or enforced through . . . judicial proceeding, then Borrower shall pay Payee all costs of collection and enforcement, including reasonable attorney's fees and court costs in addition to other amounts due."); Aircraft Contract for Title ¶ 9 ("In an action here under, the prevailing party shall be entitled to reimbursement of costs of enforcing the agreement." (verbatim

5

1  transcription)).  Here, nothing in the contracts requires recovery of damages for a party to be
2  entitled to attorney's fees.  Rather, the contractual provisions are "sufficiently different and less
3  stringent than Chapter 38's standards, rendering section 38.001 inapplicable."  *See Rohrmoos*
4  *Venture*, 578 S.W.3d at 485.

5  Accordingly, the court looks to the contracts to determine whether defendant is entitled to
6  attorney's fees.  Apart from providing the court with the relevant contractual terms, defendant
7  does not make any specific arguments interpreting the contracts to support his motion, *see* P. &
8  A. at 9, nor does plaintiff present arguments in opposition, *see generally* Opp'n.

9  The court thus turns to general principles of contract interpretation.  When evaluating a
10 written contract, courts should give the language "its plain grammatical meaning unless it
11 definitely appears that the intention of the parties would thereby be defeated."  *Reilly v. Rangers*
12 *Mgmt., Inc.*, 727 S.W.2d 527, 529 (Tex. 1987).  Here, the provisions of the agreements
13 specifically state defendant may recover attorney's fees "in the enforcement of any of its rights
14 under th[e] lease."  *See* Aircraft Lease Agreement ¶ 13.  The Texas Court of Appeals has
15 observed "[t]he ordinary meaning of 'enforce,' . . . denotes putting something . . . into execution,
16 causing it to take effect or be effective, or compelling obedience to it."  *Wibbenmeyer v.*
17 *TechTerra Commc'ns, Inc.*, No. 03-09-00122, 2010 WL 1173072, at *7 (Tex. App. Mar. 26,
18 2010).  "'Enforce' thus denotes some form of affirmative action in regard to one's rights under
19 the [contract], and is somewhat narrower than the act of merely obtaining a declaration as to one's
20 rights under the agreement."  *Id.*  In *Wibbenmeyer*, the court compared the shareholders'
21 agreement, which provided for attorney's fees to any party who "successfully enforced" the terms
22 of the agreement, with contractual provisions interpreted by other courts, including the phrases
23 "enforce or to declare" and "enforce or defend."  *Id.* (citing first *Intercont'l Grp. P'ship*, 295
24 S.W.3d at 652 and then *Probus Props.*, 200 S.W.3d at 265).

25 Here, defendant seeks attorney's fees for defending against plaintiff's action for
26 declaratory judgment.  The express terms of the lease agreement and related contracts provide for
27 an award of attorney's fees in enforcement actions.  *See* Aircraft Lease Agreement ¶ 13;
28 Promissory Installment Note at 3; Aircraft Contract for Title ¶ 9.  The agreements do not include

any language providing for attorney's fees in actions to defend one's contractual rights or in actions to declare contractual rights.  *Cf. Probus Props.*, 200 S.W.3d at 265 (finding party entitled to attorney's fees for prevailing in defending its rights under terms of lease providing for attorney's fees in actions to "enforce or defend any of its rights or remedies"); *Cutchin v. Summerall*, 05-01-00508, 2002 WL 318313, at *3 (Tex. App. Mar. 1, 2002) (unpublished) (finding party entitled to attorney's fees for prevailing in defense against plaintiff's claims under contract, which "unambiguously provides that the prevailing party, whether seeking to enforce or *defend* its rights, is entitled to recover reasonable attorney's fees" (emphasis in original)).  The court finds defendant here is not entitled to attorney's fees under the aircraft lease agreement and related contracts.

Because defendant has not shown he is entitled to attorney's fees under a statute or an enforceable contract, the motion for attorney's fees is **denied without prejudice**.

**IV.   CONCLUSION**

For the reasons above, the court **grants defendant's motion for costs and denies without prejudice the motion for attorney's fees.**  The court **awards costs in favor of defendant and against plaintiff in the amount of $288.70**.  Plaintiff shall pay the costs **within 30 days** of the filed date of this order.  Any renewed motion for attorney's fees must be filed within **twenty-one (21) days** of the filing date of this order.

IT IS SO ORDERED.

DATED:  May 9, 2023.

CHIEF UNITED STATES DISTRICT JUDGE