UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Affordable Builders of America, Inc., | No. 2:22-CV-01381-KJM-DB |
| Plaintiff, | |
| v. | ORDER |
| Paul Thomas et al., | |
| Defendants. | |

Defendant/counterclaimant Paul Thomas has filed a renewed motion for attorney's fees after prevailing on a motion to dismiss. For the reasons below, the court **denies the motion.**

I.  BACKGROUND

On March 7, 2023, the court dismissed plaintiff's complaint with prejudice for failure to comply with court orders. *See* Order Granting Mot. to Dismiss at 6, ECF No. 80.[1] Thomas timely moved for attorney's fees and costs. Prior Mot., ECF No. 85. The court granted defendant's motion for costs and denied the motion for attorney's fees without prejudice. Prior Order, ECF No. 96. In that order, the court found Thomas was not entitled to attorney's fees under the applicable Texas statute because he did not recover damages. *Id.* at 5. Although the

---

[1] When citing page numbers on filings, the court uses the pagination automatically generated by the CM/ECF system unless otherwise noted.

1

parties did not make any specific arguments interpreting the contracts in question, the court found the parties' contracts also did not provide for attorney's fees. *Id.* at 6–7.

Thomas has now renewed his motion for attorney's fees. Mot., ECF No. 101-1. Plaintiff opposes, Opp'n ECF No. 107, and Thomas has replied, ECF No. 108.

## II.  DISCUSSION

First, Thomas argues he is entitled to attorney's fees under the terms of the parties' contracts. As the court previously observed, the express terms of the aircraft lease agreement and related contracts provide for an award of attorney's fees in enforcement actions. *See* Prior Order at 5–7 (citing Aircraft Lease Agreement ¶ 13, Def.'s Ex. 2, ECF No. 14-1; Promissory Installment Note at 3, Def.'s Ex. 3; Aircraft Contract for Title ¶ 9, Def.'s Ex. 4).

Thomas points to relevant language in the contracts and argues he is seeking costs for enforcing his rights under the contracts. *See* Mot. at 6–8. Not so. Enforcement of a contract denotes "execution" or "compelling obedience" to the terms in the contract, *Wibbenmeyer v. TechTerra Commc'ns, Inc.*, No. 03-09-00122, 2010 WL 1173072, at *7 (Tex. App. Mar. 26, 2010), and not simply securing a dismissal of an action brought against a party. As the court found before, Prior Order at 6, Thomas is seeking fees for defending against plaintiff's action for declaratory judgment and securing dismissal of that action, *see* Mot. at 4. Nothing in the contracts provides for attorney's fees in actions to defend or to declare one's contractual rights, *see* Prior Order at 6–7, and Thomas does not argue the terms of the contracts are ambiguous such that the court could "consult extrinsic evidence to determine the parties' intentions," *CNH Indus. N.V. v. Reese*, 138 S. Ct. 761, 765 (2018). Rather, Thomas appears to conflate the actions relating to his counterclaims with actions relating to his defense against plaintiff's complaint. *See* Mot. at 7 (discussing granting of writ of possession); Reply at 4 (same).

Thomas notes that as the lessor, he may recover from plaintiff, the lessee, reasonable expenses incurred as a result of bringing an action under the contracts. Mot. at 7. But his affirmative action against plaintiff is still pending, *see* Min. Order, ECF No. 111; therefore, it would be premature for the court to award fees associated with his counterclaims. The court finds

Thomas is not entitled to attorney's fees under the contracts for defending against plaintiff's complaint.

Second, Thomas again argues he is entitled to attorney's fees under Texas Civil Practice and Remedies Code section 38.001. "[T]o recover attorney's fees under section 38.001, a party must (1) prevail on a cause of action for which attorney's fees are recoverable, and (2) recover damages." *Rohrmoos Venture v. UTSW DVA Healthcare, LLP*, 578 S.W.3d 469, 484 (Tex. 2019) (quoting *Green Int'l, Inc. v. Solis*, 951 S.W.2d 384, 390 (Tex. 1997)). The court previously found Thomas was not entitled to fees under this provision because he did not recover damages. Prior Order at 5.

Thomas now argues he is entitled to fees because the court's order granting Thomas's motion for a writ of possession is a form of nonmonetary damage awarded in his favor. Mot. at 8–9. The court is puzzled by this argument. The writ of possession was not granted as a remedy, award or recovery following the dismissal of plaintiff's action. *See* Order Granting Writ, ECF No. 59; Order Granting Mot. to Dismiss. Rather, the court granted the writ of possession before it dismissed plaintiff's complaint. Moreover, a writ of possession is a provisional remedy where "the party seeking the writ is awarded temporary possession of the property." *PMS Distrib. Co. v. Huber & Suhner, A.G.*, 863 F.2d 639, 640 (9th Cir. 1988); *see also In re Brooks-Hamilton*, 271 F. App'x 654, 658–59 (9th Cir. 2008) (unpublished). In California, it is the plaintiff, not defendant, who may apply for a writ of possession "[u]pon the filing of the complaint or at any time thereafter." Cal. Civ. Proc. Code § 512.010. Thus, the writ of possession issued in this case was connected to Thomas's counterclaim and not plaintiff's complaint. Because the court did not award any damages when it dismissed plaintiff's complaint, and because Thomas did not recover any damages, he is not entitled to attorney's fees under this statute.

/////

/////

/////

/////

3

### III. CONCLUSION

For the reasons above, Thomas's renewed motion for attorney's fees is **denied with prejudice**. This order resolves ECF No. 101.

IT IS SO ORDERED.

DATED: August 30, 2023.

_____
CHIEF UNITED STATES DISTRICT JUDGE