UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AFFORDABLE BUILDERS OF AMERICA, INC., | No. 2:22-cv-01381-KJM-DB |
| Plaintiff, | <u>ORDER</u> |
| v. | |
| PAUL THOMAS, et al., | |
| Defendants. | |

This matter was referred to a United States Magistrate Judge as provided by Local Rule 302(c)(19). On September 6, 2023, the magistrate judge filed findings and recommendations, which were served on the parties and which contained notice that any objections to the findings and recommendations were to be filed within fourteen days after service of the findings and recommendations. F. & R., ECF No. 114. The time for filing objections has expired, and plaintiff Affordable Builders of America, Inc. (ABOA) has filed objections to the findings and recommendations. Objs., ECF No. 115. Counterclaimant Paul Thomas has filed a response to the objections. Resp., ECF No. 116.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a *de novo* review of this case. Having reviewed the file, the court adopts the findings and recommendations in part.

1

1    ABOA argues the magistrate judge erred in recommending ABOA's motion to set aside
2 entry of default be denied.  Objs. at 2.  ABOA argues the magistrate judge did not meaningfully
3 analyze ABOA's arguments and reached an "abrupt conclusion" based on "almost exactly the
4 same reasons [this] [c]ourt [used when it] granted Thomas's motion to dismiss."  *Id.*  In objecting
5 to the findings and recommendations, ABOA does not point to any of the Magistrate Judge's
6 analysis or findings it believes are insufficient or incorrect.  *See generally id.*

7    As the magistrate judge notes, a court may set aside an entry of default for "good cause."
8 *See* F. & R. at 4; Fed. R. Civ. P. 55(c).  Good cause is not established if (1) ABOA's "culpable
9 conduct led to the default," (2) ABOA "has no meritorious defense" or (3) Thomas would be
10 prejudiced if the default is set aside.  *See Am. Ass'n of Naturopathic Physicians v. Hayhurst*,
11 227 F.3d 1104, 1108 (9th Cir. 2000); *see also United States v. Signed Pers. Check No. 730 of*
12 *Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010).  "[A] finding that any one of these factors
13 is true is sufficient reason for the district court to refuse to set aside the default."  *Mesle*, 615 F.3d
14 at 1091.

15    Here, ABOA did engage in culpable conduct.  While the magistrate judge does refer to
16 this court's analysis in dismissing ABOA's complaint for failure to comply with court orders, the
17 relevant inquiry regarding ABOA's conduct as relevant to default will inevitably be similar.  In
18 considering the motion to dismiss, this court looked at ABOA's failure to comply with court
19 orders, Prior Order (Mar. 8, 2023), ECF No. 80; here, the magistrate judge looked at ABOA's
20 failure to answer and the absence of any explanation for the failure.  For example, while ABOA
21 places the blame on its former *pro hac vice* counsel, *see* Objs. at 2, it does not provide any
22 explanation for the two-month delay between the court's order directing ABOA to obtain new
23 counsel, *see* Mins. Hr'g, ECF No. 52 (directing ABOA to identify new counsel within fourteen
24 days), and the appearance of new counsel and subsequent motion to set aside the entry of default,
25 *see* ECF No. 74; Mot. Set Aside Default, ECF No. 77-1.  For the reasons set forth in the findings
26 and recommendations, the court finds ABOA did engage in culpable conduct.

27    However, the court declines to adopt the Magistrate Judge's findings regarding the
28 meritorious defense.  "All that is necessary to satisfy the 'meritorious defense' requirement is to

allege sufficient facts that, if true, would constitute a defense[.]" *Mesle*, 615 F.3d at 1094 (citation omitted). The court agrees with ABOA that the economic loss rule defense "preclud[ing] the imposition of tort damages for claims arising from an alleged breach of contract," Mot. Set Aside Default at 8, ECF No. 77-1, is not meritorious because Thomas alleged the conversion claim in the alternative to his counterclaim for "claim and delivery," s*ee* F. & R. at 7 n.1, 10 n.2; Answer & Countercl. at 8, ECF No. 9. However, the court finds ABOA has raised a meritorious defense as to the breach of contract claim. *See* Answer & Countercl. ¶¶ 10–31, 60–63.

ABOA alleges Thomas did not terminate the lease in accordance with the Aircraft Lease Agreement because he did not give ABOA an opportunity to cure its defaults after he received written notice of their existence. Mot. Set Aside Default at 7. Therefore, ABOA argues, Thomas's breach "excuses, in whole or in part, any actual or alleged breach of the Lease by ABOA." *Id.* If this is true, ABOA raises a valid defense against Thomas's breach of contract claim. *Mesle*, 615 F.3d at 1094 (whether factual allegations are true is not a relevant inquiry in determining whether to set aside the default). Although the magistrate judge relies in part on this court's order granting the writ of possession, that order did not conclusively establish Thomas was entitled to the aircraft; rather, in accordance with California Code of Civil Procedure section 512.060, the court held Thomas "established the probable validity of his claim to possession of the aircraft." Prior Order (Dec. 15, 2022) at 7, ECF No. 59.

Additionally, to the extent Thomas relies on the doctrine of res judicata to argue ABOA's defense is not meritorious, he cites no applicable authority permitting counterclaimants to raise res judicata as a means of precluding a counterclaim defendant from raising a defense. *Cf. Lucky Brand Dungarees, Inc. v. Marcel Fashions Grp., Inc.*, 140 S. Ct. 1589, 1595 n.2 (2020) (observing without deciding "[t]here may be good reasons to question any application of claim preclusion to defenses"). Moreover, Thomas does not clarify whether he seeks to bar ABOA's defense based on claim preclusion or issue preclusion. *See id.* at 1594 (noting res judicata is a term that comprises both issue preclusion and claim preclusion, which are "two distinct doctrines regarding the preclusive effect of prior litigation"); *Taylor v. Sturgell*, 553 U.S. 880, 907 (2008)

1  (party asserting preclusion has burden of establishing elements).  At this point, ABOA has
2  satisfied the meritorious defense requirement for the purposes of setting aside entry of default.

3        Finally, although the court also declines to adopt the magistrate judge's analysis as to the
4  prejudice factor, the court finds independently Thomas would be prejudiced if the entry of default
5  is set aside.  In analyzing prejudice, the magistrate judge relied heavily on this court's order
6  dismissing ABOA's complaint.  In that order, the court applied the applicable law regarding
7  involuntary dismissals under Federal Rule of Civil Procedure 41(b).  Prior Order (Mar. 8, 2023)
8  at 4.  In the context of involuntary dismissals, there is a rebuttable presumption of prejudice from
9  unreasonable delay.  *In re Eisen*, 31 F.3d 1447, 1453 (9th Cir. 1994).  In its prior order, the court
10 held ABOA did not rebut the presumption of prejudice against defendants.  Prior Order
11 (Mar. 8, 2023) at 5.  However, the standard for prejudice is different here.  "To be prejudicial, the
12 setting aside of a judgment must result in greater harm than simply delaying resolution of the
13 case."  *Mesle*, 615 F.3d at 1095 (citation omitted).  There is no rebuttable presumption applicable.
14 Here, Thomas does not explain why setting aside the judgment would prejudice him.  *See*
15 *generally* Opp'n, ECF No. 86; Joint Statement at 21–25, ECF No. 110.  However, as the
16 magistrate judge notes, plaintiff has refused "to appear in good faith in this action."  F. & R. at 9.
17 While this action was pending, the aircraft at issue has been damaged, *see* F. & R. at 12;
18 Schweikert Decl. ¶ 3, ECF No. 91-1, and Thomas had difficulty executing this court's writ and
19 retrieving all the aircraft parts and other documents due to the unauthorized actions of ABOA's
20 "current or former agent," *see* Stipulated Req. Temp. Restraining Order, ECF No. 104.  ABOA
21 also did not disclose it had converted to a different form of business entity.  Opp'n at 6; Req.
22 Judicial Notice, ECF No. 58; Stip. Am. Caption, ECF No. 73.  Having considered the litigation
23 history, the court finds Thomas's opportunity to pursue his claim will be hindered by further
24 delays in this case.

25       Because the court finds ABOA did engage in culpable conduct and Thomas would be
26 prejudiced if the default is set aside, the court declines to set aside the default.  *Mesle*, 615 F.3d at
27 1091 (court may decline to set aside entry of default if at least one of the three factors exists).
28 /////

In its objections, ABOA also requests the court clarify the breach of contract liability claim is limited to the breach of the Aircraft Lease Agreement. Objs. at 2–3. There are three agreements at issue: Aircraft Lease Agreement, Promissory Installment Note and Aircraft Contract for Title. *See* Answer & Countercl. ¶¶ 8, 61; Lease Documents, Answer & Countercl. Exs. 2–4; Notice of Default, Answer & Countercl. Ex. 12. In his answer and counterclaim, Thomas clearly states "[t]he *lease documents* consist of an Aircraft Lease Agreement, a Promissory Note, and an Aircraft Contract for Title (collectively, the 'Contracts')." Answer & Countercl. at 8–9 (emphasis added). Additionally, Thomas's breach of lease counterclaim specifically alleges "ABOA failed to perform its obligations pursuant to the *lease documents* as more fully described in Thomas' July 28, 2022, Notice of Default." Answer & Countercl. ¶ 61 (emphasis added); *see* Notice of Default. Thomas sought to enforce his rights under all three of the lease documents, and not just under the Aircraft Lease Agreement. Answer & Countercl. ¶ 63. The default judgment against ABOA resolves ABOA's breach of the three lease documents collectively, not just one individual contract. ABOA's request is **denied**.

Accordingly, IT IS HEREBY ORDERED:

1. The findings and recommendations filed September 6, 2023 (ECF No. 114) are **adopted in part;**

2. Plaintiff's February 15, 2023 motion to set aside entry of default (ECF No. 77) is **denied**;

3. Counterclaimant's February 1, 2023 motion for default judgment (ECF No. 69) is **granted as to liability**;

4. This matter will be set for a damages hearing in accordance with Rule 55(b)(2). The parties are directed to submit a joint status report as to the requested hearing date and proposed briefing schedule within **fourteen (14) days** of the filing date of this order.

DATED: November 27, 2023.

CHIEF UNITED STATES DISTRICT JUDGE